## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RUSTY ISTRE,** | **CIVIL ACTION** |
|     **Plaintiff** | |
| | |
| **VERSUS** | **NO. 14-339** |
| | |
| **LOUISIANA TANK SPECIALTIES, LLC,** | **SECTION: "E" (3)** |
|     **Defendant** | |

## ORDER

Before the Court is a Motion to Dismiss or in the Alternative for a More Definite Statement filed by Louisiana Tank Specialities, LLC ("LTS").[1]  The motion relates to a collective action filed by Rusty Istre ("Istre") under the Fair Labor Standards Act of 1938 ("FLSA").[2]  Istre brings this action on behalf of himself and others employed by LTS as "frac tank cleaners since 2011."[3]

As set forth in LTS's motion, the complaint is internally inconsistent and often difficult to follow.  LTS hired Istre in 2010.[4]  "After initial work as a mechanic, [Istre] split his time between delivering containment berms and other service equipment . . . and cleaning frac tanks.[5]  Istre received overtime compensation from LTS from 2010 to 2012.  In 2013, however, LTS "changed [Istre's] job title and . . . failed to pay [him] overtime . . . ."  Istre does not identify the title of his new job or allege whether and to what extent his job duties changed.

Several ambiguities flow from these obligations.  For example, when did Istre become a "frac tank cleaner?"   Does his 2013 change in job title affect this determination?  Regardless, Istre purports to represent all frac tank cleaners employed

---

[1] R. Doc. 6.
[2] 29 U.S.C. § 201 *et seq.*
[3] R. Doc. 1, ¶14.
[4] *Id.* at ¶23.
[5] *Id.*

1

by LTS since 2011 yet admits he received proper overtime compensation from 2010 to 2012. If Istre received overtime in 2011, on what basis can he file a collective action on behalf of others who *did not* receive overtime in 2011?

The nature of Istre's causes of action is also unclear.  Towards the beginning of the complaint, Istre states that he brings a collective action "for the purpose of seeking *unpaid minimum wages* and overtime compensation . . . ."[6]  The remainder of the complaint, however, focuses solely on overtime compensation.[7]  Moreover, it is unclear whether the basis of Istre's collective action claim is that LTS intentionally misclassified frac tank cleaners as exempt workers.[8]

LTS identified many of these ambiguities in its motion.  Istre responded with several factual allegations not contained in the complaint.  For example, in response to the ambiguity regarding his change in job title, Istre summarizes paragraph 28 of the complaint as follows: "In 2012, although Plaintiff performed the exact same duties as he had from 2010 through 2012 for Defendant, Defendant stopped paying him overtime for any hours worked in excess of 40 per week."[9]  Paragraph 28 simply does not say this. There is no comparison of Plaintiff's job duties before and after his change in job title.

Another factual allegation raised for the first time concerns whether LTS employees are "engaged in commerce or in the production of goods for commerce."[10]  In his opposition memorandum, Istre alleges LTS's business "necessitates the use of

---

[6] *Id.* at ¶21 (emphasis added).
[7] *See, e.g.*, *id.* at ¶¶44–52.  Count I is entitled: "Collective Action for Failure to Pay Overtime in Violation of the [FLSA]."
[8] *See id.* at ¶47.
[9] R. Doc. 8, p. 4.
[10] *See* 29 U.S.C. § 203(s)(1).

vehicles and materials produced out of state and in interstate commerce."[11]   This allegation is nowhere to be found in the complaint.

Given the foregoing, the Court finds that an amended complaint with more definite statements is necessary for two reasons.[12]  First, the original complaint does not provide "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Rule 8(a)(2)."[13]  A "short and plain statement" is one that "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[14] The ambiguities in Istre's complaint do not provide fair notice to LTS regarding the nature of and basis for many of the claims asserted.

Second, the Court construes the new allegations in Istre's opposition memorandum as a motion to file an amended complaint.[15]  Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend."[16]  A district court must possess a "substantial reason" to deny a motion under Rule 15(a).[17]

---

[11] R. Doc. 8, p. 11.

[12] *See Murungi v. Tex. Guaranteed*, 646 F. Supp. 2d 804, 811 (E.D. La. 2009).  Furthermore, to the extent LTS is unsure of the legal theories asserted against it, "a motion for a more definite statement under Rule 12(e) is the proper procedure vehicle for seeking clarification," not a motion to dismiss under Rule 12(b)(6).  *See Gupta v. Lynch*, No. 12-1787, 2013 WL 3187273, at *5 (E.D. La. June 20, 2013).

[13] Fed. R. Civ. P. 8(a)(2).

[14] *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (alternation in original) (internal quotation marks omitted).

[15] *See Morin v. Moore*, 309 F.3d 316, 323 (5th Cir. 2002) ("This Court has held, that in the interest of justice a revised theory of the case set forth in the plaintiff's opposition should be construed as a motion to amend the pleadings filed out of time and granted by the district court pursuant to the permissive command of Rule 15.") (citing S*herman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972)); *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 989 n.2 (5th Cir. 2008) (citing with approval cases in which the district court construed new allegations in opposition memorandum as motion to amend under Rule 15(a)).

[16] *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (internal quotation marks omitted).

[17] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).  In deciding whether to grant leave under Rule 15(a), courts may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."  *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005).

No such reason exists in this case.  There is no scheduling order, and the record does not reflect that any discovery has taken place.  Moreover, even if LTS's motion were granted, the Court would still allow Istre to amend his complaint.  Permitting an amendment now will narrow the issues in dispute and help fast-track this case for resolution.

Accordingly;

**IT IS ORDERED** that LTS's Motion is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that Istre file an amended complaint by April 6, 2015, clearly setting the forth the relief sought and the facts that support relief.  Istre will not be permitted further amendments of his complaint absent good cause shown.

**New Orleans, Louisiana, this 27th day of March, 2015.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**