# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RUSTY ISTRE,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-339** |
| **LOUISIANA TANK SPECIALTIES, LLC.,**<br>    **Defendant** | **SECTION: "E" (1)** |

## ORDER AND REASONS

Before the Court is the Joint Motion to Approve Settlement and Dismiss the Case filed by Plaintiff Rusty Istre and Defendant Louisiana S.W. Transportation, Inc.[1]  For the reasons below, the motion is **GRANTED**.

## BACKGROUND

This is a proposed collective action filed by Plaintiff Rusty Istre ("Istre") for failure to pay overtime in violation of the Fair Labor Standards Act of 1938 ("FLSA").[2]  On February 12, 2014, Istre filed suit on behalf of himself and other similarly situated individuals employed by Defendant Louisiana S.W. Transportation, Inc. ("LST")[3] as frac tank cleaners since 2012 pursuant to 29 U.S.C. § 216(b).[4]  Istre also asserts individual claims for unpaid overtime wages while he was employed as a frac tank cleaner and servicer and a deer ranch laborer for LST.[5]  At the time Istre and LST reached a settlement agreement, Istre's motion to conditionally certify the collective class was pending,[6] and no other individuals had opted into the proposed collective class. Istre and LST

---

[1] R. Doc. 45.
[2] 29 U.S.C. § 201 et. seq.
[3] LST notes that it was incorrectly named in this action as "Louisiana Tank Specialties, LLC." *See* R. Doc. 16 at 1; R. Doc. 25 at 1.
[4] R. Doc. 15 at ¶¶ 2, 27.
[5] See R. Doc. 15 at ¶¶ 37–57.
[6] R. Doc. 21.

1

participated in a settlement conference on February 12, 2016, and agreed to a settlement.[7] On February 23, 2016, Istre and LST submitted the proposed settlement agreement to the Court for *in camera* review in a joint motion to approve settlement and dismiss the case with prejudice.[8]

## STANDARD OF LAW

The Court "must approve any settlement reached by the parties which resolves the claims in this action brought under [29 U.S.C. § 216(b)]."[9]  "In order to approve a settlement proposed by an employer and employees of a suit brought under the FLSA and enter a stipulated judgment, a court must determine that the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions."[10]  The Court must scrutinize the proposed settlement agreement to verify that parties are not circumventing the "clear FLSA requirements" by entering into a settlement agreement.[11]  When deciding whether to approve a proposed settlement, the Court must assess whether the proposed settlement is both (1) the product of a bona fide dispute over the FLSA's provisions and (2) fair and reasonable.[12]

## ANALYSIS

I.  BONA FIDE DISPUTE

When deciding whether a bona fide dispute exists, the Court considers whether there is a "genuine dispute as to the defendant's liability under the FLSA,"[13] as "[w]ithout

---

[7] R. Doc. 43.
[8] *See* R. Doc. 45.
[9] *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 717 (E.D. La. 2008).
[10] *Id.* at 719.
[11] *See id.*
[12] *Domingue v. Sun Electric & Instrumentation, Inc.*, No. 09-682, 2010 WL 1688793, at *1 (E.D. La Apr. 26, 2010).
[13] *Allen v. Entergy Operations, Inc.*, No. 11-1571, 2016 WL 614687, at *1 (E.D. La. Feb. 11, 2016).

2

a bona fide dispute, no settlement could be fair and reasonable."[14]  This is particularly true in an "FLSA [action because its provisions] are mandatory, and not subject to negotiation and bargaining between employers and employees."[15]

The Court finds that a bona fide dispute exists between Istre and LST regarding whether LST has violated the FLSA.  In *Akins v. Worley Catastrophe Response*, another section of this Court explained that a bona fide dispute exists where the parties disagree on "hours worked or compensation due" and engage in "aggressive prosecution and strenuous defense."[16]  Istre has alleged that LST violated the FLSA with regard to his hours and compensation,[17] and LST has raised several affirmative defenses.[18]  From the outset, LST has argued that Istre's amended complaint[19] and Istre's deposition testimony[20] conflict and support their arguments that Istre has no valid FLSA claim.[21] LST argues that Istre was not employed as a "frac tank cleaner,"[22] though Istre contends that his employment duties included acting as a frac tank cleaner.[23]  Both parties disagree about Istre's employment position and other issues relevant to LST's liability, including duration of employment, hours worked, whether he was denied overtime wages, and whether there exist similarly situated individuals for the purpose of pursuing a collective action.[24]

Additionally, a settlement conference was scheduled following the parties'

---

[14] *Collins*, 568 F. Supp. 2d at 719.
[15] *Allen*, 2016 WL 614687, at *1.
[16] *Akins v. Worley Catastrophe Response, LLC*, No. 12-2401, 2014 WL 1456382, at *2 (E.D. La. Apr. 14, 2014).
[17] R. Doc. 15.
[18] R. Doc. 16. *See also Domingue*, 2010 WL 1688793, at *1.
[19] R. Doc. 15.
[20] R. Doc. 25-1; R. Doc. 16.
[21] *See* R. Doc. 25.
[22] R.Doc. 25-2 at ¶ 25; R. Doc. 25 at 15–17.
[23] R. Doc. 21-2 at ¶ 5.
[24] *See, e.g.*, R. Doc. 15; R. Doc. 16 at ¶¶ 1, 5, 19, 32.

responses to Istre's motion to conditionally certify the FLSA collective action and to facilitate notice under 29 U.S.C. §216 (b).[25] Indeed, before the Court reset the trial date for November 7, 2016,[26] the case was set for a five-day bench trial to begin on April 11, 2016, and the parties were required to complete discovery on February 3, 2016.[27] The Court finds the matter involved "both aggressive prosecution and strenuous defense" and thus a bona fide dispute exists.[28]

II. FAIR AND REASONABLE

In determining whether a negotiation is fair and reasonable under the FLSA, courts are guided by *Reed v. General Motors Corporation*, in which the Fifth Circuit enumerated factors to determine whether a settlement is fair in a class action under Rule 23 of the Federal Rules of Civil Procedure.[29] Courts, however, "adopt or vary these factors in their application in light of the special role of the Court in settlement of FLSA claims."[30] There are six factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of class counsel, class representatives, and absent class members.[31]

---

[25] R. Docs. 21, 25, 28. *See also Allen*, 2016 WL 614687, at *1 (finding that there was a bona fide dispute where parties engaged in intense disagreement over the issue of classification).
[26] R. Doc. 42.
[27] R. Doc. 17.
[28] *See Atkins*, 2014 WL 1456382, at *2.
[29] *Allen*, 2016 WL 614687, at *2; *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983). *See also Collins*, 568 F. Supp. 2d at 722 (noting "Rule 23 does not control FLSA collective actions, [but] many courts have adopted many of Rule 23's procedures" given the court's discretion under §216(b)).
[30] *Collins*, 568 F. Supp. 2d at 722.
[31] *Id.* (citing *Camp v. Progressive Corp.*, No. 01-2680, 2004 WL 2149079 (E.D. La. Sept. 23, 2004)).

4

A. <u>Application of the Factors</u>

1. *The existence of fraud or collusion behind the settlement*

With respect to the "fraud or collusion" factor, there are several presumptions that guide a court's determination of whether a settlement is fair and reasonable. "[T]here is a strong presumption in favor of finding a settlement fair,"[32] and, absent evidence to the contrary, there is a presumption that no fraud or collusion occurred between counsel.[33] In light of these presumptions, however, "it is clear that the court should not give rubber-stamp approval."[34] The Court has found no indication of fraud or collusion. Since this action was filed in 2014, the parties have engaged in discovery and motions practice.[35] The Court finds the parties engaged in good-faith negotiations to resolve this matter amicably.[36] Factor One indicates the settlement is fair and reasonable.

2. *The complexity, expense, and likely duration of the litigation*

The instant case has been pending for more than two years, and a five-day bench trial set for April 2016 was continued and reset for November 7, 2016. Following the rescheduling of the trial, the parties entered settlement discussions. As the trial has already been pending for more than two years and the contested motions indicate that there were numerous unresolved issues, the Court finds the second factor indicates the settlement is fair and reasonable.

3. *The stage of the proceedings and the amount of discovery completed*

A court will consider how much formal discovery has been completed for two reasons: (1) "extensive discovery [by the parties indicates] a good understanding of the

---

[32] *Domingue*, 2010 WL 1688793, at *1 (internal quotations omitted).
[33] *Akins*, 2014 WL 1456382, at *2.
[34] *Id.* (quoting 4 NEWBERG ON CLASS ACTIONS §11.41 (4th ed.)).
[35] *See* R. Docs. 21, 25, 28.
[36] R. Doc. 43.

5

strengths and weaknesses of their respective cases and hence that the settlement's value is based upon such adequate information," and (2) "full discovery demonstrates that the parties have litigated the case in an adversarial manner and . . . therefore . . . settlement is not collusive but arms-length."[37] The lack of much formal discovery is not necessarily fatal, however, and a court may look to informal avenues of gathering information or may approve a settlement with no formal discovery conducted.[38]

At this stage of the proceedings, the parties have engaged in formal discovery limited to the issue of FLSA collective action certification[39] and represented to the Court that they are completing discovery generally.[40] Although discovery at this juncture is not yet complete, the Court finds the parties are sufficiently familiar with the facts to reach a fair settlement.[41] Factor Three indicates the settlement is fair and reasonable.

### 4. *The probability of the plaintiff's success on the merits*

It is uncertain at this point whether Istre would be successful at trial. Defendant has provided a series of affirmative defenses, including failure to state a claim and prescription.[42] Additionally, LST asserts it is not liable to Istre and, in the alternative, that any alleged violations of the FLSA were not willful because LST acted reasonably and without reckless disregard for FLSA requirements.[43]

Moreover, the nature of Istre's employment remains a key dispute. LST maintains

---

[37] NEWBERG ON CLASS ACTIONS § 13:50 (5th ed.)
[38] *See id*; *In re Chicken Antitrust Litig. Am. Poultry*, 669 F.2d 228, 241 (5th Cir. 1982) (explaining that formal discovery is not "a necessary ticket to the bargaining table" where the parties and the court are adequately informed to determine the fairness of the settlement) (*citing In re Corrugated Container Antitrust Litigation*, 643 F.2d 195, 211 (5th Cir. 1981)).
[39] *See* R. Doc. 18; R. Docs. 21, 25, 28.
[40] *See* R. Doc. 33 at ¶ 4. Together parties filed to continue trial stating they were "attempting to complete discovery and address disputes." *Id.*
[41] In the response to Interrogatory No. 5, LST conceded it made an "administrative error" when it paid Istre an hourly rate instead of a salaried rate from March 1, 2013, to March 12, 2013. R. Doc. 38 at 4–5.
[42] *See* R. Doc. 16 at 12–15.
[43] R. Doc. 16 at 14.

that Istre cannot claim unpaid wages as a "frac tank cleaner" because he was not employed as a "frac tank cleaner."[44] In the amended complaint, Istre alleges that he was employed as a frac tank cleaner from 2010 until 2012.[45] A letter addressed to Istre, attached to the reply in support of his motion to conditionally certify, indicates that on March 10, 2013, Istre's payment structure changed.[46] Instead of an hourly pay rate, Istre was paid a flat salary on a bi-weekly basis.[47] Istre points to several documents from LST supporting his claims, including redacted time sheets of frac tank cleaners, the letter dated March 12, 2015,[48] and Istre's time sheets and payroll.[49]

The Court finds that given the numerous unresolved disputes between the parties and the stage at which this litigation remains, it is unclear whether Istre would be meritorious. This factor indicates the settlement is fair and reasonable.

### 5. *The range of possible recovery*

The confidential settlement agreement details the agreed-upon settlement amount. The settlement amount was based on a negotiated number of overtime hours that Istre allegedly worked but for which he was not paid overtime. The Court finds that the agreed-upon amount is within a range of possible recovery and thus indicates the settlement is fair and reasonable.[50]

---

[44] R. Doc. 38 at 1; R. Doc. 34-1 at 10 (noting LST "has consistently maintained . . . [that Istre] was not a tank cleaner, did not supervise tank cleaners, and has not established that certification of a class of tank cleaners is appropriate").
[45] R. Doc. 15 at 1.
[46] R. Doc. 28-4.
[47] *Id.*; R. Doc. 15 at 3–4.
[48] R. Doc. 28-4.
[49] R. Doc. 28-3 at 5 (reflecting an increase in pay from $980.32 and $264.15 for the pay period of March 11, 2013, to about $2,000 for every following pay period through November 18, 2013).
[50] *See Collins*, 568 F. Supp. 2d at 726–27.

*6. The opinions of class counsel, class representatives, and absent class members*

In this case, the only parties to the settlement are LST and Istre.[51] Both parties jointly seek judicial approval and state that the settlement agreement addresses a bona fide dispute and is negotiated in good faith. Each party is represented by counsel. The parties negotiated a settlement agreement before the magistrate judge and submitted their proposed agreement for *in camera* review by the Court.[52] The Court finds the final factor indicates the settlement is fair and reasonable.

B. Conclusion

All six of the factors indicate the proposed settlement is fair and reasonable. Accordingly, the Court finds the proposed settlement agreement is fair and reasonable.

## CONCLUSION

For the foregoing reasons, the Court finds the settlement agreement is both premised on a bona fide dispute and fair and reasonable.

Accordingly;

**IT IS ORDERED** that the Joint Motion to Approve Settlement is **GRANTED** and the parties' confidential settlement agreement is **APPROVED**.

**IT IS FURTHER ORDERED** that this action[53] is **DISMISSED WITH PREJUDICE** in accordance with the terms of the confidential settlement agreement.

---

[51] Istre's motion to certify the FLSA collective action was still pending at the time the proposed settlement was submitted to the Court. *See* R. Doc. 21.

[52] R. Doc. 45.

[53] Because the motion for conditional certification of the proposed FLSA collective class was pending at the time Istre and LST reached a settlement agreement and no other individuals had opted into the proposed collective class, the settlement agreement applies only to Istre's claims. *Brown v. United Furniture Industries, Inc.*, 2015 WL 1457265, at *5 (N.D. Miss. Mar. 30, 2015) ("[I]n an FLSA collective action, there are no absent class members; only those who have opted in are considered parties to the suit and bound by the results of the action."); *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 ("Under [29 U.S.C. § 216(b)], . . . no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively 'opted into' the class; that is, given his written, filed consent.").

**New Orleans, Louisiana, this 7th day of March, 2016.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**